**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

DANIEL GALLEGOS,

    Movant,

v.

    Cv. No. 2:17-cv-02246-JPM-tmp
    Cr. No. 2:11-cr-20192-JPM-20

UNITED STATES,

    Respondent.

**ORDER DENYING & DISMISSING MOTION PURSUANT TO 28 U.S.C. § 2255
ORDER DENYING CERTIFICATE OF APPEALABILITY
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court are the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") filed by Movant, Daniel Gallegos, Bureau of Prisons ("BOP") register number 52172-079, an inmate at the Federal Medical Center ("FMC") in Fort Worth, Texas, and the Response filed by the United States. (§ 2255, ECF No. 1, Response, ECF No. 7.) For the reasons stated below, Movant's § 2255 Motion is **DENIED**.

**I.    BACKGROUND**

    **A.    Criminal Case Number 2:11-cr-20192-JPM-20**

On February 22, 2012, a federal grand jury in the Western District of Tennessee returned a four count second superseding indictment against Gallegos and twenty-four codefendants. (Indictment, Criminal Case ("Cr.") No. 2:11-cr-20192-JPM-20, ECF No. 444.) Gallegos was named in count one and charged with conspiracy to possess at least 1,000 kilograms of marijuana with intent to distribute in violation of 21 U.S.C. § 846. (*Id.*) On September 21, 2012, the

United States filed an information pursuant to 21 U.S.C. § 851 listing Gallegos prior convictions. (Cr. ECF No. 734.) On September 24, 2012, a jury trial began. (See Cr., ECF No. 736.) The trial concluded on September 28, 2012, with the jury returning a verdict of guilty against Gallegos. (Cr. ECF Nos. 736, 740, 742, 744, 746, 751.) The jury attributed at least 1,000 kilograms of marijuana to Defendant. (Cr. ECF Nos. 746, 750.)

On January 4, 2013, the Court sentenced Gallegos to 240 months in prison, along with a ten-year term of supervised release. (Cr. ECF No. 968.) Gallegos appealed. (Cr. ECF Nos. 986 & 996.) Gallegos contended that the evidence was not sufficient to sustain his conviction, that the prosecution committed acts of misconduct, that his sentence was improperly enhanced, and that his Eighth Amendment rights were violated. *See United States v. Gallegos*, 553 Fed. App'x 527, 529–30 (6th Cir. 2014). The Sixth Circuit affirmed Gallegos' conviction and sentence. *Id.* at 533.

### B.     Case Number: 2:17-cv-02246-JPM-tmp

On April 3, 2017, Gallegos filed this § 2255 Motion. (§ 2255 Mot., ECF No. 1.) The United States contends that the § 2255 Motion is untimely. (Response, ECF No. 7 at PageID 26.)

## II.     LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996) (codified, *inter alia*, at 28 U.S.C. § 2244 *et seq.*) (AEDPA) amended 28 U.S.C. §§ 2244(b) and 2255 to limit a defendant to his direct appeal and one collateral attack, filed within one year of the date his conviction is final. Because this motion was filed after April 24, 1996, the AEDPA is applicable. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Paragraph (f) of 28 U.S.C. § 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

"[F]or purposes of collateral attack, a conviction becomes final at the conclusion of direct review." *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). The Supreme Court has held that, for purposes of postconviction relief, "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). "As a general matter, a conviction becomes final for purposes of collateral attack at the conclusion of direct review." *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002).

## III. ANALYSIS

Gallegos' judgment became final on April 28, 2014, when the time for filing a petition for writ of certiorari expired. The running of the § 2255 statute of limitations commenced on that date, and it expired one year later, on April 28, 2015. Gallegos did not file his § 2255 Motion until April 3, 2017. (§ 2255 Motion, ECF No. 1 at PageID 13.)

3

Because the Motion is time-barred, the Court must determine whether Gallegos presents grounds for the application of equitable tolling. "[T]he doctrine of equitable tolling allows federal courts to toll a statute of limitations when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005) (quoting Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 522, 560–61 (6th Cir. 2005)) (internal quotation marks omitted). The § 2255 limitations period is subject to equitable tolling. *Hargrove v. Brigano*, 300 F.3d 717, 719 (6th Cir. 2002). "[T]he doctrine of equitable tolling is used sparingly by the federal courts." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). "The party seeking equitable tolling bears the burden of proving he is entitled to it." *Id.* at 784. A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Gallegos contends that he qualifies for the application of equitable tolling because he:

> [is] not versed in the issues of law; limited understanding in English; very little education; could not read or understand any legal documents; was/am limited on funds and family can not provide either; obtained the assistance of a fellow inmate in the preparation of this [m]otion.

(§ 2255 Motion, ECF No. 1 at PageID 12.) Movant fails to allege any circumstances which prevented him from inquiring about additional remedies before the expiration of the AEDPA's one-year statute of limitations period.

The United States asserts that Gallegos has provided no evidence that he has diligently pursued his rights. (ECF No. 7 at PageID 31.) The criminal docket demonstrates that from August 22, 2014 to May 21, 2019, Gallegos filed numerous *pro se* motions and corresponded on

4

several occasions with the Clerk of Court. (Cr. ECF No. 1211, 1216, 1411, 1417, 1439, 1495-96, 1500, 1511, 1517, and 1519.) These filings belie Gallegos' claim of limited English proficiency.

Movant also did not require the services of an interpreter during the trial and at sentencing. Gallegos spoke English during the trial and sentencing hearing. (*See* Trial Tr., Cr. ECF No. 1085 at PageID 3224–26, 3228–29, 3236, 28; Trial Tr., Cr. ECF No. 1086 at PageID 3248–52.) Gallegos was born in the United States, is a United States citizen, and completed his education through the eighth grade. (Presentence Report ¶¶ 45, 49.)

Movant's other arguments are equally unpersuasive. Ignorance of the law does not toll the limitations period. *Price v. Jamrog*, 79 F. App'x 110, 112 (6th Cir. 2003). That Gallegos has limited legal knowledge does not justify the equitable tolling of AEDPA's statute of limitations period.

In summary, Movant has not provided sufficient justification for the tolling of the one-year statute of limitations period. Movant was not diligent in pursuing his rights. He has failed to show that extraordinary circumstances prevented his timely filing. His § 2255 Motion is therefore time-barred.

### IV.   CONCLUSION

The motion and the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Movant's conviction and sentence are valid. His motion is **DENIED**. Judgment shall be entered for the United States.

### V.    APPELLATE ISSUES

Pursuant to 28 U.S.C. § 2253(c)(1), the district court is required to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability

("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

The COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. § 2253(c)(2), (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and quotation marks omitted). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005) (quoting *Miller-El*, 537 U.S. at 337).

In this case, for the reasons stated, the § 2255 Motion is time barred and, therefore, Movant cannot present a question of some substance about which reasonable jurists could differ. The Court therefore **DENIES** a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Fed. R. App. P. 24(a). *Kincade*, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a)

also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court.  *See* Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith.  It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is **DENIED**.  If Movant files a notice of appeal, he must also pay the full $505 appellate filing fee (*see* 28 U.S.C. §§ 1913, 1917) or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days (*see* Fed. R. App. P. 24(a) (4)-(5)).

**IT IS SO ORDERED,** this 3rd day of September, 2020.

    /s/ Jon P. McCalla  
JON PHIPPS MCCALLA  
UNITED STATES DISTRICT JUDGE